IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EUGENE WILLIAMS, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:19-cv-01094 |
| WELLS FARGO USA HOLDINGS, INC., *Defendant*. | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wells Fargo USA Holdings, Inc., successor by merger to Wells Fargo Financial Texas, Inc. ("Wells Fargo") hereby removes this action from the 57th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and as grounds for removal state as follows:

### I.    STATE COURT ACTION

1. On August 30, 2019, Plaintiff Eugene[1] Williams f/k/a Reyna E. McKinney ("Plaintiff") filed her Original Petition and Application for Temporary Restraining Order (the "Complaint") in the 57th Judicial District Court of Bexar County, Texas, styled *Eugene Williams fka Reyna E. McKinney v. Wells Fargo Financial Texas, Inc.*, Cause No. 2019-CI-18000 (the "State Court Action").

2. Plaintiff's allegations pertain to real property located at 4310 Wildt Road, San Antonio, Texas 78222 (the "Property").  *See* Compl. ¶¶ 8-12.  Plaintiff alleges that she is in default on her mortgage loan but is now in a position to resume monthly payments.  *Id.*  Plaintiff does not

---

[1] Plaintiff's correct name is not entirely clear from her state court pleadings, which refer to Plaintiff as Eugene, Eugena, and Eugenia at different places in the pleadings.  Because her pleadings predominantly use the name Eugene, Wells Fargo has chosen to use the same in this Notice of Removal.

81317165v.1 0105492/00694

assert any causes of action but does request injunctive relief to prevent foreclosure and afford her additional time to cure her default.  *Id.*

3. With this Notice of Removal, Wells Fargo removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II.     PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division.  28 U.S.C. §§ 124(d)(4), 1441, 1446(a).

5. This removal is timely because it is being filed within thirty days of Wells Fargo being served or otherwise making an appearance in the State Court Action.  28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

7. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo is simultaneously with the filing of this Notice of Removal (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 57th Judicial District Court of Bexar County, Texas.  A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[2]

## III.    DIVERSITY OF CITIZENSHIP

8. The Court has diversity jurisdiction in this matter.  Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court.  28 U.S.C. §§ 1332(a), 1441(a).  Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Wells Fargo.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  As shown below, the amount in controversy requirement is also satisfied.

---

[2] Wells Fargo has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this Court.

**A.     Diversity of Citizenship**

9.      Plaintiff is an individual residing in San Antonio, Texas. Compl. ¶ 2. Therefore, on information and belief, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *Palmaz Scientific, Inc. v. Harriman*, No. SA-15-CA-734-FB, 2015 WL 13298400, at *7 (W.D. Tex. Oct. 7, 2015) (holding that a natural person's citizenship is determined by their domicile) (quoting *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974)).

10.     Defendant Wells Fargo USA Holdings, Inc. is a corporation formed under the laws of New Jersey with its principal place of business in Des Moines, Iowa.[3] *See* **Ex. D**. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Therefore, Defendant Wells Fargo USA is a citizen of New Jersey and Iowa for diversity purposes. *Id.*; **Ex. D**.[4]

11.     Because Plaintiff is a citizen of Texas and Wells Fargo is a citizen of New Jersey and Iowa, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.     Amount in Controversy**

12.     The amount-in-controversy element is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional

---

[3] Plaintiff incorrectly names Wells Fargo Financial Texas, Inc. as the defendant in this lawsuit. Wells Fargo Financial Texas, Inc. merged into Wells Fargo USA Holdings, Inc. effective June 21, 2017. *See* **Ex. D**. Therefore, to the extent Plaintiff can state a claim—which she cannot—Wells Fargo USA Holdings, Inc. is the proper party.

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, Wells Fargo respectfully requests that the Court take judicial notice of the Certificate of Merger attached hereto at **Exhibit D**. *See* FED. R. EVID. 201; *Gomez v. Niemann & Heyer, L.L.P.*, No. 1:16-CV-119-RP, 2016 WL 3562148, at *15 (W.D. Tex. June 24, 2016) (taking judicial notice of records of the Texas Secretary of State's office).

81317165v.1 0105492/00694

minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000.  *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).  To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorney fees. *White*, 319 F.3d at 675–76.

13. In this case, Plaintiff seeks injunctive relief preventing Wells Fargo from foreclosing on the Property.  *See* Compl. ¶¶ 10-13.  The amount in controversy in an action for injunctive or declaratory relief can also be characterized as "the value of the right to be protected or the extent of the injury to be prevented." *See Greenberg*, 134 F.3d at 1252-53.  When the right to property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes.  *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009); *see Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding under similar claims that, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property").  Further, the Fifth Circuit has held that where a plaintiff seeks injunctive and declaratory relief relating to the ability to enforce a deed of trust, the "value of that property represents the amount in controversy" for purposes of diversity jurisdiction. *See Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 342-43 (5th Cir. 2013).

14. Because Plaintiff is seeking injunctive relief and the right to property is at issue, the amount in controversy is determined by the value of the Property. *See Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland*, 485 Fed. App'x at 9 ("[T]he amount in controversy exceeds $75,000 due to the value of the subject property . . . .")). According to the Bexar Appraisal District, the current value of the Property is $147,750. A true and correct copy of the Bexar Appraisal District property information is attached hereto as **Exhibit C**.[5] Thus, the value of the Property alone satisfies the amount in controversy requirement.

15. Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

## IV.   PRAYER

WHEREFORE, Defendant Wells Fargo Bank USA Holdings, Inc. removes this action from the 57th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[5] Pursuant to Rule 201 of the Federal Rules of Evidence, Wells Fargo respectfully requests that the Court take judicial notice of the Bexar Appraisal District tax record for the Property. Wells Fargo does not contend that this particular appraisal constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

Respectfully submitted,

LOCKE LORD LLP

By: _____

**B. David L. Foster**
Texas Bar No. 24031555
**Joel Thomason**
Texas Bar No. 24086612
LOCKE LORD LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
jthomason@lockelord.com

**Robert T. Mowrey**
Texas Bar No. 14607500
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)
rmowrey@lockelord.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing was served as indicated on this 11th day of September, 2019, to the following:

**VIA FACSIMILE & U.S. MAIL**
Gregory T. Van Cleave
The Law Office of Albert W. Van Cleave, III PLLC
1520 W. Hildebrand
San Antonio, Texas 78201
(210) 341-6588
(210) 701-8481 (Facsimile)
greg_v@hotmail.com
***Attorney for Plaintiff***

                _____
                Joel Thomason